UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. ANTHONY,

       Plaintiff,                                  Case Number 18-11717
                                                    Honorable David M. Lawson
v.                                             Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER CONSIDERATION</u>**

      The plaintiff filed the present action seeking review of the Commissioner's decision denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Stafford filed a report on June 18, 2019 recommending that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and the matter be remanded for further consideration. The Commissioner filed timely objections, and the plaintiff filed a response. The matter is now before the Court.

The plaintiff, who is now 52 years old, filed his application for SSI benefits on March 23, 2015, when he was 48. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of January 1, 2013. The plaintiff alleged disability due to brain damage, lower back pain, left shoulder pain, abdominal pain, and learning disabilities.

The plaintiff's application for disability benefits was denied initially on August 20, 2015. He timely filed a request for an administrative hearing, and on March 16, 2017, the plaintiff appeared before Administrative Law Judge (ALJ) Lauren G. Burstein. On June 7, 2017, ALJ Burstein issued a written decision in which she found that the plaintiff was not disabled. On March 5, 2018, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed his complaint seeking judicial review.

ALJ Burstein reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a). She found that the plaintiff had not engaged in substantial gainful activity since March 23, 2015 (step one); the plaintiff suffered from learning disorder, attention deficit hyperactivity disorder (ADHD), depression, osteoarthritis of the left shoulder, and degenerative disc disease of the lumbar spine, impairments which were "severe" within the meaning of the Social Security Act (step two); and that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity (RFC) to perform a limited range of light work. The ALJ found that the plaintiff: (1) never could climb ladders, ropes, or scaffolds; (2) occasionally could stoop, kneel, crouch, crawl,

and climb ramps or stairs; (3) only occasionally could perform overhead reaching with his left upper extremity; (4) would be limited to simple, routine, and repetitive tasks in low stress environments involving only simple, work-related decision making and little to no changes in work setting or routine; and (5) requires the option to alternate between sitting and standing, spending no more than 20 minutes in each position.

At step four, she found that the plaintiff could not perform the duties required for his past relevant work as a painter, which requires medium work as generally and actually performed.

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as machine tender, with 101,000 jobs existing nationally; line attendant, with 125,000 jobs existing nationally; and packager, with 122,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.21 and 202.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised three arguments in his motion for summary judgment before the magistrate judge. Two related to the ALJ's evaluation of the medical evidence: the ALJ improperly rejected the assessments of the consultative psychiatric examiner and neuropsychologist who had examined the plaintiff, and instead she afforded greater weight to the State agency psychologist who never saw the plaintiff and whose review of the case record was not comprehensive; and that the ALJ did not fairly consider all relevant factors in assessing the plaintiff's subjective symptoms. The plaintiff also argued that the ALJ incorrectly considered his

impairments under Listing 12.11 and failed to give proper weight to the evidence when determining whether the plaintiff met the "B" criteria.

The magistrate judge found merit in the plaintiff's arguments addressing the manner in which the AJL considered the medical evidence and the step-three consideration of Listing 12.11.

The magistrate judge concluded that the ALJ erred by preferring the opinion of the non-examining consultant, Rom Kriauciunas, Ph.D., over the opinion of the examining consultant, neuropsychologist Darren Fuerst, Ph.D. The magistrate judge explained that Dr. Feurst's opinion that the plaintiff suffers from a learning disability that imposes severe limitations on his ability to work was supported by extensive diagnostic testing. The magistrate judge also noted that Dr. Feurst's opinions were more consistent with the findings of Dr. L. Imasa, the examining consultative psychiatric, and the record as a whole, unlike the opinions of Dr. Kriauciunas, who completed his evaluation four months before Dr. Feurst examined and tested the plaintiff. The magistrate judge further concluded that remand for proper evaluation of examining and nonexamining sources is especially warranted because affording Dr. Feurst's opinion due credit would result in the plaintiff meeting the criteria of Listing 12.11. The magistrate judge noted that Dr. Feurst's assessment reflects an extreme limitation in the plaintiff's ability to concentrate and marked limitations in his ability to interact and process information. The magistrate judge also found that the ALJ should have obtained a medical opinion on medical equivalency because the evidence could reasonably support a finding that the plaintiff's impairments medically equaled an impairment under Listing 12.11, noting that Dr. Kriauciunas never evaluated the plaintiff's impairments under Listing 12.11.

The Commissioner filed two objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

The Commissioner argues that the magistrate judge erred by essentially re-weighing the evidence, which is a job reserved to the ALJ. He argues that substantial evidence supported the ALJ's determination, and an examining physician's opinion is not entitled to any particular

deference as, for example, is a treating physician's opinion, which is accorded presumptive weight. The Commissioner asserts that because Dr. Feurst was merely an examining neuropsychologist, the ALJ was not required to defer to his opinion and even if he were a treating physician, the ALJ nevertheless could have rejected his opinion if it was not well supported by medical diagnostics or if it was inconsistent with the record. The Commissioner notes that the ALJ found Dr. Kriauciunas's opinion more consistent with the record as a whole, and that the mere fact that Dr. Feurst presented a differing opinion does not undermine the ALJ's reasoning where substantial evidence supported her determination that the plaintiff requires only moderate limitations. The Commissioner asserts that the ALJ's decision properly accounted for the plaintiff's test results, educational background, prior work experience, and history of homelessness and social anxiety. The Commissioner urges the Court to reject the magistrate judge's recommendation as it is based on an impermissible reweighing of the opinion evidence considered by the ALJ.

The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983).

The Commissioner is correct that when deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the

ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

The Commissioner is also correct that an examining consultant's opinion is not afforded the deference conferred upon a treating physician. But to say, as he does, that such opinions are "not entitled to any particular weight" is incorrect. Contrary to his views, there is a hierarchy of preferences given medical opinions based on the relationship of the medical source with the patient. The Sixth Circuit has explained that

> an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (citing 20 C.F.R. §§ 404.1502, 404.1527(c)(1), 404.1502, 404.1527(c)(2), and quoting Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996)).

"It is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). When the ALJ fails to follow the regulations, remand is required even when substantial evidence otherwise might support the conclusions. *Id.* at 544.

When considering non-treating medical source opinions, the regulations reference "relevant evidence" that supports an opinion, "particularly medical signs and laboratory findings," which indicate "the more weight we will give that medical opinion." 20 C.F.R. § 404.1527(c)(3). For non-treating, non-examining medical sources, "[w]e will evaluate the degree to which these medical opinions consider all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources." *Ibid.* The magistrate judge noted the ALJ's assertion that Dr. Kriauciunas's opinion was preferred because it was consistent with the "record evidence as a whole." Tr. 66. However, the magistrate judge was skeptical of that conclusion because Dr. Kriauciunas reached his opinion without having evidence of the neuropsychological examination performed by Dr. Feurst, Dr. Feurst's source statement, and additional mental health treatment for ADHD and depression. And, as the plaintiff argued, Dr. Kriauciunas misstated the findings of the consultative examination asserting that he found the plaintiff capable of unskilled work and wrongly asserted there was no evidence of stuttering in the record. It is true that the ALJ mentioned that Dr. Feurst had conducted diagnostic testing, but she did not discuss the results

in any significant way, nor did she attempt to reconcile them with Dr. Kriauciunas's opinion, which, as noted, was reached without their benefit.

The ALJ also was critical of Dr. Feurst's opinion as "vague and [it] does not describe the claimant's limitations in terms of a function-by-function limits." Tr. 66. However, Dr. Fuerst in fact did provide such an analysis on January 19, 2016. *See* Tr. 382-84. The ALJ was required to consider that assessment as part of the relevant evidence in the record. See 20 C.F.R. § 404.1527(b).

The Commissioner argues that it is not a *per se* violation of the regulations for the ALJ to give a non-examining source opinion more weight than from an examining medical source. But in reaching that conclusion, the ALJ is obliged to give good reasons for doing so, especially when the non-examiner has not seen the entire record. The magistrate judge concluded correctly that the ALJ came up short on that score. The Commissioner's first objection will be overruled.

Second Objection

The Commissioner next argues that the magistrate judge's recommendation that the case be remanded to obtain a medical opinion on equivalency is based on a misstatement of the relevant rule. The Commissioner asserts that the plain language of Social Security Ruling (SSR) 17-2P shows that the decision to obtain a medical opinion is reserved to the ALJ's discretion.

The magistrate judge did not misstate the Social Security Ruling, although she did not quote the complete text. And, contrary to the Commissioner's assertion, the magistrate judge never suggested that the ALJ was *required* to obtain a medical opinion on equivalency. Instead, the magistrate judge suggested that the ALJ *should* have done so because (1) the evidence in the

record reasonably could support a finding that the plaintiff's mental impairments medically equals a listed impairment based on the examining neuropsychologist's finding that he would meet the criteria of Listing 12.11; the non-examining consultant, Dr. Kriauciunas, never addressed or considered 12.11; and although the ALJ did not find that the plaintiff was markedly limited in two of the four provisions of criteria B, she did find that he was moderately limited in all four of those categories. In other words, the magistrate judge found that the proper exercise of discretion favored additional medical evidence, a finding to which the Commissioner did not object explicitly. In any event, the Court agrees with the magistrate judge, and the Commissioner's stated objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge correctly applied the governing law to the record presented.

Accordingly, it is **ORDERED** that the Commissioner's objections to the report and recommendation (ECF No. 29) are **OVERRULED**, and the magistrate judge's report and recommendation (ECF No. 28) is **ADOPED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 18) is **GRANTED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 22) is **DENIED**.

It is further **ORDERED** that the decision of the administrative law judge is **VACATED**, and the case is **REMANDED** for further consideration under Sentence Four of 42 U.S.C. § 405(g).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:  July 23, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 23, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---